UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TEMUR ABULADZE<br><br>Petitioner,<br><br>v.<br><br>MICHAEL P. KIRN, Warden of Phelps County Jail, et al.<br><br>Respondents. | ) | No. 4:26 CV 1183 RWS |

**MEMORANDUM AND ORDER**

Petitioner Temur Abuladze filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he has been unlawfully detained at the Phelps County Jail without a bond hearing in violation of his Fifth Amendment due process rights. He argues that he is entitled to release from detention or, alternatively, a bond hearing to determine whether continued detention is justified.

Petitioner contends that the denial of an individualized determination of bond violates the Fifth Amendment's Due Process Clause. The Government filed its opposition to the petition on August 12, 2026, and on August 21, 2026, Petitioner filed a reply.[1]

---

[1] The Petitioner's statutory argument against mandatory detention is foreclosed by binding Eighth Circuit precedent. In *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), a divided panel of the Eighth Circuit held, as a matter of statutory interpretation, that unadmitted noncitizens already present inside the United States are not entitled to a statutory

## Background

Petitioner is a citizen of Georgia who entered the United States without inspection on May 24, 2022. Petitioner was detained by immigration authorities upon arrival and then released on his own recognizance. Petitioner has complied with the conditions of his release on conditional parole and has no criminal history.

In June 2026, Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") in Rolla, Missouri, and was transferred to Phelps County Jail, where he is currently detained. Petitioner has filed for asylum, and, after his release, he was granted temporary authorization to work in the United States. *See* ECF. Nos. 1-7, 1-8.

The Government contends that Petitioner is being properly detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A), as an unadmitted noncitizen, and that Petitioner's due process claims fail under binding Eighth Circuit and Supreme Court precedent.[2] The Government's Response does not contest any of the facts provided in the Petition.[3]

---

bond hearing under 8 U.S.C. § 1226(a) and instead may be subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A). *Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026).

[2] The Government argues that Petitioner's due process claims fail under *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024) and *Demore v. Kim*, 538 U.S. 510 (2003). But the Government ultimately concedes the due process issue "for present purposes—while expressly reserving the right to appeal." ECF. No. 6 at 4.

[3] The Government states that "it does not appear that Petitioner has any criminal record." ECF. No. 6 at 4.

**DISCUSSION**

Because the Court agrees that Petitioner's continued detention without an individualized bond hearing violates the Due Process Clause, the Court will grant the petition insofar as it seeks a prompt, individual bond hearing. *See Garcia Leal v. Stolzer*, No. 1:26 CV 157 RWS, 2026 WL 2194741 (E.D. Mo. Jul. 30, 2026) (Sippel, J.); *Paez-Herrera v. Stolzer*, No. 1:26-CV-00078-AGF, 2026 WL 2198535 (Fleissig, J.); *Mekonnen v. Stolzer*, No. 1:26-CV-00122-AGF, 2026 WL 2029972 (E.D. Mo. Jul 14, 2026) (Fleissig, J.). In light of this relief, the Court need not address Petitioner's other claims.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Temur Abuladze's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **GRANTED in part, as follows:**

1. By no later than **ten (10)** days from the date of this Order, the Government must provide Petitioner Temur Abuladze an individualized bond hearing before an immigration judge.

2. If the Government does not provide Temur Abuladze with a bond hearing in accordance with this Order, the Government must immediately release Temur Abuladze from detention; and

3. By no later than **5:00 p.m. on September 4, 2026,** the Government must provide the Court with a status update concerning the results of any bond

hearing conducted pursuant to this Order or, if no bond hearing was held, concerning the circumstances of Temur Abuladze's release from detention.

A separate Judgment shall accompany this Memorandum and Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of August, 2026.